IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

―――――――――――――――――――――――――――――――――――――――――――――

Courtroom Deputy:  Deborah Hansen          Date: April 20, 2016
Court Reporter:    Gwen Daniel             Probation: MariJo Paul
                                           Time: two hours and thirty minues

―――――――――――――――――――――――――――――――――――――――――――――

Criminal Action No. 15-cr-00245-WJM        <u>Counsel:</u>

UNITED STATES OF AMERICA,                  Judith Smith

      Plaintiff,

v.

2.  JORDAIN LARSEN,                        Kathryn Stimson

      Defendant.

―――――――――――――――――――――――――――――――――――――――――――――

## COURTROOM MINUTES
―――――――――――――――――――――――――――――――――――――――――――――

HEARING - SENTENCING

02:00 p.m.    Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Sentencing Statement Ms. Smith

Sentencing Statement Ms. Stimson

**ORDERED:  The Government's oral motion for an additional one-level reduction in the offense level for acceptance of responsibility is GRANTED**.

**ORDERED:   The Government's oral motion to dismiss the Indictment is GRANTED.  The Indictment is dismissed as to this defendant only.**

The Court addresses the Defendant's Motion For Sentence to 240 Months in BOP Pursuant to 18 U.S.C. § 3553(a) [67].

Argument by Ms. Stimson

Argument by Ms. Smith

Statement by Probation Officer Paul

**ORDERED:   The Defendant's Motion For Sentence to 240 Months in BOP Pursuant to 18 U.S.C. § 3553(a) [67] is GRANTED IN PART.**

02:29  Court in Recess
02:39 Court in Session

Statement by the mother of minor no. 3 read into the record by Ms. Smith.

Statement by the defendant's sister

Statement by the defendant's mother

Defendant's Allocution

> Defendant plead guilty to the Superseding Information and admitted to the forfeiture allegation on January 8, 2016.

**ORDERED:   Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Jordain Larsen, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of of 180 months, or 15 years, on Count 1, 180 months, or 15 years, on Count 2, to be served consecutive to Count 1, and 180 months, or 15 years, on Count 3, to run consecutive to the custodial terms imposed on Counts 1 and 2, for a total custodial term of 540 months or 45 years**.

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for her time served in pretrial detention.**

**The defendant shall not initiate any communication with any of the**

                **three victims in this case.**

**ORDERED:**  **Upon release from imprisonment the defendant shall be placed on supervised release for the remainder of her natural life.**

                **Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the District to which the defendant is released.**

                **While on Supervised Release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.**

                **The defendant shall not unlawfully possess and she shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

                **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

                **The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which she resides, works, is a student, or was convicted of a qualifying offense.**

**ORDERED:**  **Special Conditions of Supervised Release:**

    **1.**    **The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.**

    **2.**    **The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release to the**

  treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. **The defendant shall remain medication complaint and shall take all medications that are prescribed by her treating health care provider. The defendant shall cooperate with random blood tests as requested by her treating health care provider and/or supervising probation officer, to ensure that a therapeutic level of her prescribed medications is maintained.**

4. **The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph and visual reaction time measuring instruments as determined to be therapeutically appropriate. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency.**

5. **The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes. The defendant shall submit her person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of that Officer's supervisory functions.**

6. **The defendant shall allow the probation officer to install software and hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software or hardware.**

    **7.**    **The defendant shall have no contact with any children under the age of 18, including her own children, and shall not attempt to have contact except under circumstances ordered by the Court and approved in advance and in writing by the probation officer – contact includes correspondence, written or verbal, telephone contact, or any communication through a third party.**

    **8.**    **The defendant shall not reside or be in a residence with any children under the age of 18, including her own children, unless ordered by the Court.**

    **9.**    **The defendant shall have no contact with any victim including correspondence, telephone contact, or communication through a third party except under circumstances approved in advance and in writing by the probation officer, and to be consistent with the custodial period of her incarceration, unless that contact and communication is initiated by the victims in this case.**

    **10.**    **The defendant must inform her probation officer of all her significant relationships and may be required by the probation officer to inform certain people of her present offense and restrictions.**

    **11.**    **The defendant shall not be employed or participate in any volunteer activity where she has contact with children under the age of 18 except under circumstances approved in advance and in writing by the probation officer.**

**ORDERED:**  **The defendant shall pay a Special Assessment of $300, which shall be due and payable immediately.**

**ORDERED:**  **Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Information, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED:**  **Defendant has no ability to pay a fine, and the fine is waived.**

The defendant is advised of her right to appeal both her conviction and sentence imposed except in very limited circumstances.

**ORDERED:   Defendant is REMANDED to the custody of the U.S. Marshal.**

04:40 p.m.    Court in Recess
              Hearing concluded